## Allen et al. v. Cecil et al.

(Decided May 28, 1929.)

714

LEEBURN ALLEN for appellant.

W. M. GARDNER and EVERET MATHIS for appellees.

OPINION OF THE COURT BY JUDGE LOGAN.—Affirming.

The appellees filed a petition in the Morgan county court asking that a county road be so altered that it would pass for a distance over the lands of the appellant, Joe Allen. The petition sets forth with reasonable certainty the nature and location of the proposed alteration. The court appointed two viewers, who, together with the county road engineer, viewed the ground and made a report in writing stating the advantages and disadvantages which, in their opinion, would result to individuals and to the public if the alteration should be made. The county judge also made an inspection of the proposed change and decided that the alteration should be made. After the county judge decided to undertake the proposed work, he appointed a day for hearing the parties interested, and the appellant was notified of the day of the hearing. No agreement was reached with the appellant. He filed numerous exceptions to the report. The exceptions were tried before a jury which awarded to him $400. He claimed $1,000. He appealed to the circuit court, where a jury was waived, and the circuit court determined that the proposed alteration was necessary, and allowed him $400 in damages.

The first point made by appellant against the judgment below is that the petition for the change, or alteration, was not signed by five landowners. He cites cases decided prior to the enactment of section 4301, Ky. Stats., in support of his argument. These opinions were written in construing section 4289, Ky. Stats., as it existed prior to its repeal in 1914. That section did require a petition for a new road, or a change in a road, to be signed by five landowners. Section 4301, Ky. Stats., now governing the matter, does not require that the petition shall be signed by more than one person.

Appellant also argues that it is not shown that the petitioners had legal capacity to sue as there is nothing in the record to show that they are 21 years of age, or

that they are citizens of the commonwealth of Kentucky, or of the United Stats. No question appears to have been made about that in the lower court. It is true a special demurrer was filed to the petition, but the proper way to raise all these questions was by exception to the report of the viewers. There is nothing in the statute defining the qualifications of a person who may petition for the alteration of a road.

Another point made by appellant is that the petition did not disclose the purpose for which the land was to be taken, in that it did not state that the proposed change in the road was to be for the general traveling public, or that the general traveling public would be benefited by the change. The petition is for the alteration of a county road, and county roads are for the use and benefit of the general traveling public. The report of the viewers as well as the petition discloses the benefits which would arise from making the alteration proposed.

The point is made that the petition did not set forth specificially the location of the proposed change. The petition did set forth specifically the nature and location of the proposed work, and the report of the viewers definitely and certainly located the proposed change, and the exceptions were filed to the report of the viewers.

The next point is that the report of the viewers shows that the road when changed will run through an orchard and garden of appellant. We hardly think that the report of the viewers should be so construed. It is stated in the report that it would require the cutting down of an apple tree, and that the road would run through an inclosure back of the house of appellant. One apple tree does not make an orchard, and an inclosure does not necessarily make a garden. The evidence is not before us, and we do not know what the facts disclosed. There seems to be no law prohibiting the opening of a road through an orchard, yard, lawn, or garden at this time. Section 4301, Ky. Stats., before it was amended by the Act of 1912, prohibited the location of a road through any burying ground or dwelling house, yard, and lawn attached, or orchard, without the consent of the owner. This provision was dropped from the statute when the act was re-enacted in 1912. The viewers are required to report whether the road will run through any burying ground, garden, yard, orchard, or any part thereof, or whether

it will injure or destroy any buildings. It appears that this requirement is to aid in the proper estimate of damages which may be done by the taking of the property. As the law now stands there is no provision against running a public road through a garden, yard, or orchard. The cases relied on by appellant construed the old section prior to its re-enactment.

Another contention made by appellant is that he set out in his exceptions to the report of the viewers that he was damaged $1,000, and that no answer or response of any kind was filed to the exceptions. None was necessary.

Judgment is affirmed.